HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICK GREER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>　　　　　Defendant. | CASE NO. C14-5938 RBL<br><br>ORDER GRANTING MOTION TO DISMISS<br><br>[Dkt. #s 10 and 13] |

THIS MATTER is before the Court on Defendant Ocwen's Motion to Dismiss [Dkt. #10].  Plaintiff Rick Greer has once again sued his loan servicer, claiming that they unlawfully victimized him in an attempt to collect a mortgage debt that he admits he owes.  This is Greer's sixth such suit[1] in this court in the past two years.

---

[1] Ocwen asks the Court to take judicial notice of the fact that Greer has also filed and failed to complete four bankruptcy actions in this district in the past five years.  It also points out that an earlier, "substantially similar" case against Ocwen [Cause No. 13-5964 RBL] was dismissed.
　　Ocwen's Request for Judicial Notice is GRANTED.  Greer filed a Motion for the case to be transferred back to Judge Settle as unrelated to his prior case against Ocwen. [Dkt. #13].  He claims that the prior case involved a different property, but because of his intentionally vague pleading strategy (only the account numbers, but not the legal descriptions or addresses are included), that "fact" is not apparent from the complaints in the two cases. Both cases apparently involve a 2004 loan and a 2013 default. Greer's Motion to Transfer (or re-assign) is DENIED.

ORDER GRANTING MOTION TO DISMISS - 1

1         In this case, Greer claims that Ocwen violated the FDCPA, Chapter 19.16 RCW, and
2  Washington's Consumer Protection Act, in its efforts to collect on his mortgage debt.  He argues
3  that Ocwen sent him "misleading" and confusing correspondence, including a letter claiming that
4  it was the owner or servicer of the loan.  Greer claims that because it cannot be both, the
5  statement was false and actionable.

6         Ocwen claims that five of the nine specific "misleading" statements that are the factual
7  basis for Greer's FDCPA claim occurred more than a year prior to the date he filed this
8  complaint, and are time barred.  *See* 15 U.S.C. 1692k(d).  It also claims that the other three
9  "deceptive" communications are not actionable as a matter of law.  These communications
10 related to the holder of his Note, the status of the "first filing" —a step toward foreclosure
11 (judicially or otherwise) on a Deed of Trust following a default, and the falsity[2] of the claim that
12 Greer owed Ocwen any money.

13        As Ocwen points out, Greer admits in his complaint that Ocwen was in fact his loan
14 servicer and that he was in default on his loan. It also points out that Greer's "request for
15 verification" occurred far more than a year before he filed this suit.  Ocwen is correct; Greer's
16 substantive allegations are insufficient as a matter of law and its Motion to Dismiss his FDCPA
17 claim is GRANTED.  That claim is DISMISSED with prejudice.

18        Greer also seeks to assert a private right of action under Washington's Collection Agency
19 Act. But there is no private right of action under this statute, and even if there was, it is not a debt
20 collector—it is and was a loan servicer.  *See Paris v. Steinberg &Steinberg*, 828 F. Supp.2d.
21 1212 (W.D. Wash 2011).  Greer's CCA claim is DISMISSED with prejudice.

---

23   [2] Greer also appears to claim the fact there were numerous investors who owned his securitized debt is "false." But it is true, and it has no bearing on who holds and thus is entitled to
24 enforce, the Note.

Finally, Greer claims that the claimed CCA violations give rise to a CPA claim. Again, the CCA does not apply to Ocwen, and even if it did Greer has failed to articulate how it violated that statute. And, in any event, Greer has not shown, and cannot show, that he was damaged. His attempts to rely on litigation-related expenditures are not actionable "injury" under the CPA, and he has not demonstrated that any act or failure caused any claimed injury.

Ocwen's Motion to Dismiss Greer's CPA claim is GRANTED and that claim is DISMISSED with prejudice. The Matter is CLOSED.

IT IS SO ORDERED.

Dated this 27th day of March, 2015.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE